**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE
2012 DEC 20  A  9: 52

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal No.** 12 cr 10389 |
|  | ) |  |
| **v.** | ) | **Violation:** |
|  | ) | **18 U.S.C. § 242 (Deprivation of** |
| **STEPHEN W. SMITH,** | ) | **Rights Under Color of Law)** |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |

## INFORMATION

THE UNITED STATES ATTORNEY for the District of Massachusetts and THE ASSISTANT

ATTORNEY GENERAL for the Criminal Division, United States Department of Justice, charge

that:

### General Allegations

At all times material to this Information, unless otherwise indicated:

#### A.    Voting for Representatives in the General Court

1.    The House of Representatives of the General Court of the Commonwealth of

Massachusetts was composed of members who represented residents in legislative districts.

Representatives were elected to two-year terms by registered voters in each legislative district.

2.    The 28th Middlesex District was a legislative district, and it consisted of the City

of Everett and a portion of the City of Malden.

3.    A registered voter was only eligible to cast a ballot for a representative of the

specific legislative district in which the voter legally resided.  For voting purposes, a voter's

legal residence was his domicile, which was the place where the voter dwelled and intended to

make his home at that time. A voter could only have one domicile at a time for purposes of his legal voting residence.

4.      Registered voters were eligible to cast ballots at designated polling places within their legislative district for primary, general, and special elections for the House of Representatives, as well as for other elections for federal, state, and municipal offices.

### B.      Voting by Absentee Ballot

5.      Under certain conditions, a registered voter was allowed to vote by casting an absentee ballot and mailing it to the city or town clerk or election commission of the voter's legal residence. A registered voter was qualified to vote by absentee ballot only if he was unable to vote at the polls during normal polling hours due to (a) absence from the city or town of his legal residence during normal polling hours; (b) physical disability that prevented him from going to the polling place; or (c) religious belief.

6.      A registered voter who desired to vote by absentee ballot was required to first complete the Massachusetts Official Absentee Ballot Application, which required the voter to state – among other things – his legal residence for voting purposes and the address where the voter's absentee ballot should be delivered.

7.      A voter submitting an Absentee Ballot Application to the city or town clerk or election commission was required to sign it under penalty of perjury.

### C.      Relevant Person and Entities

8.      Defendant, STEPHEN W. SMITH ("SMITH"), was a resident of Everett, Massachusetts. Beginning in or around January 2007, SMITH was the elected Representative of the 28th Middlesex District. In or around November 2008, and again in or around November 2010, SMITH was re-elected as the 28th Middlesex District Representative. SMITH was also re-

2

elected to the Everett School Committee, the governing body for the City of Everett Public Schools, in a municipal election held on November 3, 2009.

9.      In his position as Representative, SMITH was a member of the Joint Committee on Election Laws. The Joint Committee on Election Laws was composed of members from the House of Representatives and the Senate of the Commonwealth of Massachusetts, and its jurisdiction included all matters related to elections and election laws.

10.     In the elections held in November 2009, September 2010, and November 2010, SMITH submitted fraudulent Official Absentee Ballot Applications for voters who were either ineligible to vote and/or unaware of the applications. Following submission of the applications, official absentee ballots were issued to the ineligible and unaware voters.

11.     SMITH was able to obtain many of the official absentee ballots and cause them to be delivered to the ineligible voters, who would then cast votes despite lacking any eligibility to do so, or SMITH would cast the absentee ballots himself. In the case of unaware voters, one or more government officials assisted SMITH in tracking the absentee ballots and/or intercepting those absentee ballots prior to their delivery to the voters. In those cases, the absentee ballots were cast for the unaware voters.

## COUNT ONE
### (Deprivation of Rights Under Color of Law – 18 U.S.C. §§ 242 and 2)

12.     The United States Attorney for the District of Massachusetts and the Assistant

Attorney General for the Criminal Division of the Department of Justice (collectively, "the

Government") re-allege and incorporate by reference the allegations contained in Paragraphs 1

through 11, as if fully set forth herein.

13.     The Government further charges that, from in or around October 2009 and

continuing to November 2009, the exact dates being unknown to the Government, in the District

of Massachusetts, the defendant,

### STEPHEN W. SMITH,

acting under color of law, willfully subjected persons in the Commonwealth of Massachusetts,

that is, qualified voters, to the deprivation of a right, privilege, and immunity secured and

protected by the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution, namely, the right of suffrage, by diluting the valid ballots cast in the November 3,

2009, municipal election of the City of Everett, Massachusetts, with invalid ballots.

All in violation of Title 18, United States Code, Sections 242 and 2.

4

## COUNT TWO
### (Deprivation of Rights Under Color of Law – 18 U.S.C. §§ 242 and 2)

14.    The Government re-alleges and incorporates by reference the allegations

contained in Paragraphs 1 through 11, as if fully set forth herein.

15.    The Government further charges that, from in or around March 2010 and

continuing to November 2010, the exact dates being unknown to the Government, in the District

of Massachusetts, the defendant,

### STEPHEN W. SMITH,

acting under color of law, willfully subjected persons in the Commonwealth of Massachusetts,

that is, qualified voters, to the deprivation of a right, privilege, and immunity secured and

protected by the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution, namely, the right of suffrage, by diluting the valid ballots cast in the September 14,

2010, primary election of the Commonwealth of Massachusetts and the November 2, 2010,

general election of the Commonwealth of Massachusetts with invalid ballots.

All in violation of Title 18, United States Code, Sections 242 and 2.

LANNY A. BREUR
Assistant Attorney General
JACK SMITH
Chief, Public Integrity Section

CARMEN M. ORTIZ
United States Attorney

By:    Jeffrey E. Tsai
       Trial Attorney

By:    Eugenia M. Carris
       Assistant U.S. Attorney

Dated: December 20, 2012

5