UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 12-10389-LTS |
| STEPHEN W. SMITH, | ) ) | |
| Defendant. | ) ) ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

**I.     Introduction**

The government respectfully submits this sentencing memorandum to aid the Court in fashioning an appropriate sentence in the above matter. The Probation Officer and the parties agree that the applicable guideline sentencing range in this case is 18-24 months incarceration, and a fine between $4,000 and $40,000. The parties, in their plea agreement, have agreed that there is a basis, under the factors set forth in 18 U.S.C. § 3553(a), for this Court to consider a sentence outside the applicable guideline range. For the reasons set forth in this memorandum, the government respectfully recommends that this Court sentence the defendant to a six (6) month period of incarceration, a $40,000 fine, 12 months supervised release, and a mandatory special assessment of $50.[1]

**II.     Facts**

For purposes of this memorandum, the government adopts the statement of facts as set forth in the Presentence Report and does not repeat them herein.

---

[1]     The plea agreement incorrectly states that there is a $100 mandatory special assessment in this case. The Presentence Report points out that the correct figure is $50.

### III.     Argument

At the time of his crime, the defendant was a State Representative[2] who served on the Commonwealth's Joint Committee on Election Laws.  As such, he was well-versed in the requirements, and obviously, the weaknesses of those laws.[3]

Defendant took more than "overly aggressive steps to increase voter turnout"; he engaged in a systematic scheme to submit fraudulent absentee ballot applications as well as absentee ballots.  The government's evidence consists of, among other things, numerous forged absentee ballot applications,[4] many of which were written by the defendant and for which the voter had no knowledge.  Of those, there are several in each election cycle which resulted in forged ballots

---

[2]     He resigned in January as part of his plea agreement with the government.

[3]     Contrary to defendant's argument, the absentee ballot application clearly states the only reasons for being allowed to vote by absentee ballot:

> This application is for use by:
>     A registered voter who will be unable to vote at the polls on election day due to:
>         (1)  Absence from your city or town during normal polling hours; or
>         (2)  Physical disability preventing you from going to the polling place; or
>         (3)  Religious beliefs
>     OR
>     A non-registered voter who is:
>         (1)  A Massachusetts citizen absent from the state; or
>         (2)  An active member of the armed forces or merchant marines, their spouse or dependent; or
>         (3)  A person confined in a correctional facility or a jail, except if by reason of felony conviction.

Massachusetts Official Absentee Ballot Application (attached as Exhibit 1).

The absentee ballot application also has a place for the signature of someone who may be assisting a voter in in filling it out.  *See* Exhibit 1, Section 10.  While the defendant's handwriting is on a voluminous number of absentee ballot applications, the only time that he properly fills out Section 10 is when he does so for his own family members.

[4]     To be clear, the forging of absentee ballot applications is, itself, a crime under 42 U.S.C. § 1973gg.

2

being submitted.[5] In addition, there are many examples of the defendant's personal involvement in registering ineligible voters, who then themselves cast ballots to which they were not entitled.[6]

Defendant's argument that he was working off of outdated voter lists fails to provide a full picture of defendant's role in the scheme. The defendant's actions defrauding the system over a period of years were a key factor contributing to the inaccuracy of the voter rolls. There are many instances in which the defendant personally and knowingly registered ineligible voters. His handwriting appears on numerous absentee ballot applications which fraudulently list the return address as either a property controlled by him or another false residence in Everett. If it were not for the defendant's systematic defrauding of the system over a period of many years, the voter rolls would have been more accurate.

The defendant committed this crime all in an effort to get elected and reelected to his various public offices. As a public official, he had an obligation to uphold the law; instead, his "constituent service" morphed into the dilution of the integrity of the voter process. We can never know whether this crime has altered the outcome of an election. Nevertheless, the public's confidence in the electoral process has been adversely affected by the defendant's actions.

---

[5] The defendant appears focused on his efforts to register elderly individuals who may have only recently moved to a long-term care facility outside the district. This is not the government's focus. Rather, the government has been focused on individuals who have never lived in Everett, or whose voter materials were forged without their knowledge or consent.

[6] This includes several instances of the defendant personally delivering absentee ballot applications to individuals in other towns who then falsified those applications and subsequently cast ballots in Everett elections.

## Conclusion

For the reasons set forth above, the government respectfully submits that probation is not sufficient punishment under the factors set forth in 18 U.S.C. § 3553 and recommends that this Court sentence the defendant to a six (6) month period of incarceration, a $40,000 fine, 12 months supervised release, and a mandatory special assessment of $50.

          Respectfully submitted,

          CARMEN M. ORTIZ
          United States Attorney

By:   /s/ Eugenia M. Carris
      Eugenia M. Carris
      Assistant U.S. Attorney

## Certificate of Service

I certify that this document was filed on the below date through the ECF system, which sends copies electronically to the registered participants.

          /s/ Eugenia M. Carris
          Eugenia M. Carris
          Assistant U.S. Attorney

Dated: April 2, 2013